**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SOUTHERN-OWNERS INSURANCE
COMPANY; AUTO-OWNERS INSURANCE
COMPANY,

      Plaintiffs,

v.                                                 Case No. 3:20-cv-1404-J-34PDB

EMPIRE FINISH SYSTEMS, INC;
EMPIRE FINISH SYSTEMS, LLC;
LENNAR HOMES, LLC; COVENTRY
AT OAKLEAF PLANTATION CONDOMINIUM
ASSOCIATION, INC.; and COVENTRY
TOWNHOMES AT OAKLEAF PLANTATION
HOMEOWNERS ASSOCIATION, INC.,

      Defendants.
_____/

**O R D E R**

      **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or

(3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On December 14, 2020, Plaintiffs Southern-Owners Insurance Company and Auto-Owners Insurance Company filed a Complaint for Declaratory Relief and Demand for Jury Trial (Doc. 1; Complaint). In the Complaint, Plaintiffs assert that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 "because the citizenship of Plaintiff [sic] and each Defendant is diverse and the amount in controversy exceeds $75,000.00," and "pursuant to 28 U.S.C. § 2201." See Complaint ¶¶ 2, 3. However, to the extent Plaintiffs seek to rely on 28 U.S.C. § 2201 as conferring subject matter jurisdiction over this action, the Court notes that it is well established that "[t]he Declaratory Judgment Act does not, of itself, confer jurisdiction upon the federal courts . . . [r]ather, a suit brought under the Act must state some independent source of jurisdiction." Fed. Election Comm'n v. Reform Party of U.S., 479 F.3d 1302, 1307 n.5 (11th Cir. 2007) (citing Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir.1989)).

Here, Plaintiffs rely on 28 U.S.C. § 1332 as an independent source of jurisdiction. See Complaint ¶ 2. For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Upon review of the Complaint, the Court finds that Plaintiffs fail to allege sufficient facts to plausibly demonstrate that the parties are diverse.[1] See Taylor v. Appleton, 30 F.3d, 1365,

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-too-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the

1367 (11th Cir. 1994). Specifically, Plaintiffs fail to adequately allege the citizenship of two of the named Defendants: Empire Finish Systems, LLC (Empire LLC), and Lennar Homes, LLC (Lennar). See Complaint ¶¶ 16–20, 21–23.

As to Defendant Empire LLC, Plaintiffs allege that "[a]t all times material hereto Empire Finish Systems, LLC, was a Florida Limited Liability Company with its principal place of business in Winter Garden, Florida . . . Empire Finish Systems, LLC is made up of three managing members, Jesus Ramos, Salvador Ramos, and Iliana Ramos." See id. at 16–17. The Eleventh Circuit has instructed that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege the citizenship of Empire LLC, Plaintiffs must allege the citizenship of each of Empire LLC's members. Although Plaintiffs allege the citizenship of three members of Empire LLC, see Complaint ¶¶ 17–20, Plaintiffs' allegation that "Empire Finish Systems, LLC is made up of three managing members" is insufficient to establish that the three managing members are all of Empire LLC's members, see id. ¶ 17 (emphasis added). Thus, Plaintiffs' failure to affirmatively list the citizenship of all the members of Empire LLC prevents the Court from determining the citizenship of Empire LLC and whether it truly has subject matter jurisdiction over this action. Rolling Greens, 374 F.3d at 1022 ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenship of all the members of the limited liability company.") (emphasis added).

---

amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

3

With regard to Defendant Lennar, Plaintiffs allege that "Lennar is made up of one managing member, U.S. Home Corporation . . . U.S. Home Corporation is a Delaware Corporation, incorporated in the State of Delaware, with its principal address in Miami, Florida." See Complaint ¶¶ 22–23. These allegations are insufficient for two reasons. First, Plaintiffs repeat the error described above, i.e., Plaintiffs fail to affirmatively allege the citizenship of all the members of Lennar, an unincorporated entity. Rolling Greens, 374 F.3d at 1022. Second, Plaintiffs merely allege the "principal address" of U.S. Home Corporation, the managing member of Lennar, rather than its principal place of business. See Complaint ¶¶ 22, 23. However, it is well established that a corporation is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. See Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) ("The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1) (emphasis removed))). As such, an allegation setting forth a corporation's "principal address" falls short of appraising the Court of the corporation's principal place of business. Thus, the Complaint fails to present allegations sufficient to establish that the parties are diverse from each other.

Without additional information regarding the citizenship of the two Defendants, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[2] Accordingly, it is

---

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228

4

**ORDERED**:

Plaintiffs Southern-Owners Insurance Company and Auto-Owners Insurance Company shall have until **January 4, 2020**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on December 21, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:
Counsel of Record
Pro Se Parties

---

(11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").